## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

WACOM CO., LTD.,

        Plaintiff,

    v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, or UNINCORPORATED
ASSOCIATES IDENTIFIED
ON SCHEDULE "A,"

        Defendant.

**Case No.: 1:26-cv-001958**

**JURY TRIAL DEMAND**

## VERIFIED COMPLAINT

Plaintiff Wacom Co., Ltd. ("Plaintiff"), by and through the undersigned counsel, hereby alleges the following in support of its Verified Complaint against the Individual, Corporation, Limited Liability Company, Partnership, or Unincorporated Associate Identified on Schedule "A" ("Defendant"), attached hereto, and states as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement and unfair competition arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*; 815 ILCS 505; and Illinois common law. Plaintiff owns exclusive rights in the inventions claimed in ████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████ (collectively, "Plaintiff's Patents").

2.    The USPTO duly issued the ████████, entitled "████████████ ████████████████████" to inventors ████████████████████████ on

1

██████████. The priority date of the ████████████████. Plaintiff is the owner and assignee of all rights, title, and interest in the ███████ and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity. The ███████ is and has been valid and enforceable at all times relevant to this action. A true and correct copy of the ███████ is attached as **Exhibit 1**.

3.    Specifically, ████████████ patent recites:

████████████████

█████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████

█████████████████████████████████

███████████████

████████████████████

██████████████████████████████████

█████████████

██████████████████████████████████

██████████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

█████████████████████

████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████.

4.     The USPTO duly issued the ████████, entitled "██████████████

████████████████████" to inventors ████████████████████████ on

████████. The priority date of the ████████████████████████. Plaintiff is the owner and

assignee of all rights, title, and interest in the ████████ and holds the right to sue at law and

recover damages for infringement thereof, including current and past infringement, and to pursue

remedies in equity. The ████████ is and has been valid and enforceable at all times relevant to

this action. A true and correct copy of the ████████ is attached as **Exhibit 2**.

5.     Specifically, ████████████████ recites:

██████████████████████

██████████████████████████████████████

████████████████████████████████

████████████████████████████████████

██████

██████████████████████████████████████

████████████████

████████████████████████

3



6.    The USPTO duly issued the ████████, entitled "████████████████ ████████████████████" to inventors ████████████████████████ on ████████████. The priority date of the ████████████████. Plaintiff is the owner and assignee of all rights, title, and interest in the ████████ and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity. The ████████ is and has been valid and enforceable at all times relevant to this action. A true and correct copy of the ████████ is attached as **Exhibit 3**.

7.    Specifically, ████████████ patent recites:

████████████████████

#11370810.1



5

#11370810.1

████████████████████████████████████████

████████████████████████

8.      The USPTO duly issued the ████████, entitled "████████████████████," to inventor ████████████ on ████████████. The priority date of the ████████ is ████████████. Plaintiff is the owner and assignee of all rights, title, and interest in the ████████ and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity. The ████████ is and has been valid and enforceable at all times relevant to this action. A true and correct copy of the ████████ is attached as **Exhibit 4**.

9.      Specifically, the claim of the ████████ covers the following ornamental design.



10.     The USPTO duly issued the ████████, entitled "████████████████████," to inventor ████████████ on ████████████. The priority date of the ████████ is ████████████. Plaintiff is the owner and assignee of all rights, title, and interest in the ████████ and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity. The ████████ is and has been valid and enforceable at all times relevant to this action. A true and correct copy of the ████████ is attached as **Exhibit 5**.

11.     Specifically, the claim of the ████████ covers the following ornamental design.

12.     Defendant has infringed and continues to infringe Plaintiff's Patents by, without Plaintiff's authorization, making, using, offering to sell and/or selling in the United States, and/or importing into the United States the claimed inventions.

13.     Plaintiff seeks, among other relief, an injunction preventing Defendant from further infringing Plaintiff's Patents, and damages to compensate Plaintiff for Defendant's infringement.

## THE PARTIES

14.     Plaintiff Wacom Co., Ltd. is an entity organized under the laws of Japan with its principal place of business at 2-510-1, Toyonodai, Kazo-shi, Saitama, Japan. Plaintiff has pioneered the development of ███████████████████████████.

15.     Defendant is a Chinese entity that operates one or more e-commerce stores under the Seller Alias listed in Schedule A attached hereto. On information and belief, Defendant uses various tactics to conceal its identity and obfuscate the full scope of its operations for Plaintiff to learn Defendant's exact interworking of its infringing network. If Defendant provides additional credible information regarding its exact infringing network, Plaintiff will take appropriate steps to amend the Complaint.

16.     On information and belief, Defendant is part of an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly Plaintiff's Patents in the same transaction, occurrence, or series of transactions or occurrences.

7

17.     Specifically, Defendant owns and/or controls multiple entities that sell Unauthorized Products. USPTO records show that ███████ owns trademarks for ████████ ████████████. *See* **Exhibit 6** (relevant trademark registrations).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has supplemental jurisdiction over Plaintiff's state statutory and common law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

19.     This Court may properly exercise personal jurisdiction over Defendant because it has purposefully and intentionally availed themselves of the privileges of doing business in Illinois and in this District. Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least its fully interactive, e-commerce store on Walmart. Specifically, it has targeted sales to Illinois residents by settings up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has sold products featuring the inventions claimed in Plaintiff's Patents to residents of Illinois.

20.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this district, and additionally under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign resident and thus may be sued in any judicial district.

## FACTUAL BACKGROUND

**Plaintiff and Its Patented Products**

21.     Plaintiff is a leader in the field of ██████████, which are ████████████ ████████████████████████████████████████████████████████████



. Plaintiff sells products that embody Plaintiff's Patents ("Plaintiff's Products"), including the ▉▉▉▉▉ both on its own and when used with Plaintiff's ▉▉▉▉▉▉▉▉▉▉▉▉, directly to consumers through its website (▉▉▉▉▉▉▉▉▉▉▉), through retailers, and through its stores on third-party marketplaces such as Amazon. Plaintiff's Products are marked with Plaintiff's Patents, and Plaintiff provides further notice of Plaintiff's Patents via its webpage, ▉▉▉▉▉▉▉▉▉▉.

**Defendant's Unlawful Conduct**

22.     The success of the invention claimed in Plaintiff's Patents has resulted in significant infringement of Plaintiff's Patents. The significant infringement has hampered Plaintiff's ability to generate and expand market share for Plaintiff's Products. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, ("Amazon"), NewEgg.com ("NewEgg"), and Walmart.com ("Walmart"). True and correct copies of the screenshot printouts showing the active e-commerce store operating under the Seller Alias reviewed are attached as **Exhibit 7**.

23.     Defendant has targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers, including those in Illinois, using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and sells Unauthorized Products to residents of Illinois.

24.     The e-commerce store operating under the Seller Alias includes content and images that make it difficult for consumers to distinguish its store from authorized retailers. Plaintiff has not licensed or authorized Defendant to use Plaintiff's Patents, and Defendant is not an authorized retailer of Plaintiff's Products.

25.     It is common practice for e-commerce store operators like Defendant to provide false, misleading, and/or incomplete information to e-commerce platforms when registering the Seller Alias, which hinders efforts to discover its true identity and understand the full scope of its e-commerce operations.

26.     E-commerce store operators like Defendant regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendant to conceal its identities and the full scope and interworking of its infringing operation, and to avoid being shut down.

27.     E-commerce store operators like Defendant often communicate through QQ.com chat rooms and utilize websites such as sellerdefense.cn, which offer tactics for managing multiple online marketplace accounts and evading detection by intellectual property owners. These platforms not only provide technical guidance on avoiding enforcement actions but also actively monitor newly filed intellectual property lawsuits in the United States. Upon detection, it alert store operators of impending enforcement by publishing blog posts or bulletins and recommending that operators immediately cease infringing activities, liquidate financial accounts, and switch payment processors to avoid asset restraint.

28.     Notably, Chinese law firms and service agencies play an active role in this process—monitoring U.S. filing systems in real time and using that information to solicit business from accused infringers.

29.     As a result, this ecosystem has evolved into a lucrative industry—not only for the infringing sellers, but also for the service providers who profit from helping them exploit intellectual property loopholes and avoid accountability. Figure 1, for example, is a screenshot taken on February 5, 2026 of SellerDefense, a website that specifically tracks intellectual property lawsuits like this one. The screenshot shows that a list of Schedule A cases filed as recently as that day in the United States—almost all in the Northern District of Illinois—as well as QR codes to join WeChat groups and to connect infringing sellers to "Case settlement agency for US law firms."

11



*Figure 1.* Case List 2026, SellerDefense,
https://sellerdefense.cn/allcase2026/ (screenshot taken Feb. 5, 2026)
(translated from Simplified Chinese to English using Google Translate).

30.     Infringers, such as Defendant, typically operate under multiple seller aliases and payment accounts so that it can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendant maintain offshore bank accounts and regularly move funds from its financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

31.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully infringed Plaintiff's Patents in connection with the use and/or manufacturing of

#11370810.1

Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet

32.     Defendant's unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patents in connection with the distribution, offering for sale, sale, and importing of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

**Irreparable Harm**

33.     Defendant's unlawful actions have caused and continue to cause Plaintiff irreparable harm, namely through price erosion, loss of market share, and loss of current and future sales.

34.     By selling and offering to sell Unauthorized Products on e-commerce stores such as Amazon, Defendant is successfully drawing traffic, sales, and market share away from Plaintiff and its online stores selling legitimate Plaintiff's Products.

35.     Defendant most effectively does this by selling Unauthorized Products at a price point significantly lower than is sustainable for Plaintiff's Products. Defendant is able to do this in part because it routinely evades tariffs by misclassifying Unauthorized Products under tariff codes associated with ███████ rather than ████████ when the Unauthorized Products are imported from China. Defendant uses Harmonized Tariff Schedule ("HTS") code █████, which corresponds to "████████████" when importing Unauthorized Products, even though the Unauthorized Products are more accurately described by HTS codes ██████ for ████████ and ████████ for ███████. This leads to a significant price difference because all Chinese products are subject to Section 301 tariff unless exempted, but the amount of the additional Section

13

301 tariff varies based on the HTS classification of the product being imported. Unauthorized Products imported from China under the incorrect HTS code ███ are subject to a Section 301 tariff of ███ (HTS code ████████), whereas Unauthorized Products imported from China under the correct HTS codes ████████ or ████████ are subject to a Section 301 tariff of ███ (HTS code ████████). On information and belief, Defendant uses this tactic to artificially lower its prices. Accordingly, by misclassifying the Unauthorized Products for tariff purposes, Defendant improperly avoids a ███ tariff.

36.     Defendant's improperly lowered prices for the Unauthorized Products have already harmed Plaintiff in irreparable ways. First, lower prices draw consumers away from Plaintiff's Products, which are fairly priced and legitimately embody the inventions described in Plaintiff's Patents. Plaintiff thus loses not only traffic and sales related to Plaintiff's Products, but also other products sold by Plaintiff that consumers would have purchased had it engaged with Plaintiff's online stores. The impact on Plaintiff's business of the lost sales and traffic (including potential sales garnered therefrom), and the resulting potential loss of goodwill from those sales and traffic is immeasurable.

37.     Second, Defendant's sale of Unauthorized Products is capturing market share that should exclusively belong to Plaintiff, since the Unauthorized Products infringe upon Plaintiff's Patents and Plaintiff should have exclusivity over products embodying Plaintiff's Patents. Plaintiff occupies approximately ███ of the market share for ████████ and ███ of the market share for ████████. Defendant (and its associated companies) occupies ███ of the market share for ███ and ███ of the market share for ████████. **Exhibit 8** (tables estimating market share based on estimated units sold). Over the last two fiscal years, Plaintiff has lost ███ of the ███ market share, while products sold by entities related to ███, including Defendant, has

14

gained ███ of the ██████ market share. *Id.* In that same period, Plaintiff has also lost at least ███ of the ██████ market share. *Id.* On information and belief, some of Plaintiff's lost ██████ market share has been lost to Defendant because of Defendant's sales of Unauthorized Products. On information and belief, almost all of Defendant's ██████ and ██████ products are Unauthorized Products. Plaintiff is unable to more accurately specify the amount of market share occupied by the Unauthorized Products without the benefit of discovery. Regardless, all such market share should exclusively belong to Plaintiff, and the longer Defendant continues to improperly capture Plaintiff's market share, the more difficult it will be for Plaintiff to recover.

38.     Finally, Defendant's lower prices have also forced Plaintiff to try to lower its own prices for Plaintiff's Products in an attempt to compete, resulting in price erosion.

39.     Due to loss of market share, loss of current and future sales, and price erosion, Plaintiff has and continues to suffer irreparable harm from Defendant's unlawful conduct.

## CLAIM I:
## INFRINGEMENT OF U.S. PATENT NO. ██████

40.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ██████.

42.     As shown in the exemplary claim charts attached hereto as **Exhibit 9**, the products being sold by Defendant infringe at least claims 1 and 13 of the ██████. The claim charts of Exhibit 9 are illustrative only and made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

15

Although the claim chart only includes claims 1 and 13, Plaintiff alleges that Defendant has infringed each and every claim of the ████████.

43.     Specifically, Defendant has infringed and continues to infringe each and every claim of the ████████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendant has also indirectly infringed the ████████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

44.     Defendant has profited by its infringement of the ████████, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

45.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the ████████ in connection with the offering to sell, selling, or importing of products that infringe the ████████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

46.     Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

47.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing its

infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

48.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## CLAIM II:
## INFRINGEMENT OF U.S. PATENT NO. ███████

49.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

50.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ███████.

51.     As shown in the exemplary claim charts attached hereto as **Exhibit 10**, the products being sold by Defendant infringe at least claims 1 and 11 of the ███████. The claim charts of Exhibit 10 are illustrative only and made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes claims 1 and 11, Plaintiff alleges that Defendant has infringed each and every claim of the ███████.

52.     Specifically, Defendant has infringed and continues to infringe each and every claim of the ███████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendant has also indirectly infringed the ███████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

17

53.     Defendant has profited by its infringement of the ████████, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

54.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the ██████ in connection with the offering to sell, selling, or importing of products that infringe the ██████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

55.     Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

56.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing its infringement of the ██████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

57.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

**CLAIM III:**

**INFRINGEMENT OF U.S. PATENT NO. ██████**

58.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

#11370810.1

59.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ████████.

60.     As shown in the exemplary claim chart attached hereto as **Exhibit 11**, the products being sold by Defendant infringe at least claims 1 and 6 of the ████████. The claim charts of Exhibit 11 are illustrative only and made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes claims 1 and 6, Plaintiff alleges that Defendant has infringed each and every claim of the ████████.

61.     Specifically, Defendant has infringed and continues to infringe each and every claim of the ████████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendant has also indirectly infringed the ████████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

62.     Defendant has profited by its infringement of the ████████, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

63.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the ████████ in connection with the offering to sell, selling, or importing of products that infringe the ████████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling,

19

offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

64. Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

65. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing its infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

66. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## CLAIM IV:
## INFRINGEMENT OF U.S. PATENT NO. ███████

67. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

68. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ███████.

69. As shown in the exemplary claim chart attached hereto as **Exhibit 12**, the products being sold by Defendant infringe the claim of the ███████. The claim chart of Exhibit 12 is illustrative only and made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

70. Specifically, Defendant has infringed and continues to infringe the claim of the ███████ by making, using, importing, selling, and/or offering to sell its infringing products

20

in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendant has also indirectly infringed the ███████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

71.     Defendant has profited by its infringement of the ███████, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

72.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the ███████ in connection with the offering to sell, selling, or importing of products that infringe the ███████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

73.     Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

74.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing their infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

75.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

21

## CLAIM V:

## <u>INFRINGEMENT OF U.S. PATENT NO. █████████</u>

76.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

77.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the █████████.

78.     As shown in the exemplary claim chart attached hereto as **Exhibit 13**, the products being sold by Defendant infringes the claim of the █████████. The claim chart of Exhibit 13 is illustrative only and made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

79.     Specifically, Defendant has infringed and continues to infringe the claim of the █████████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendant has also indirectly infringed the █████████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

80.     Defendant has profited by its infringement of the █████████, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

81.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the █████████ in connection with the offering to sell, selling, or importing of products that infringe the █████████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm

resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

82. Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

83. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing their infringement of the ▆▆▆▆▆, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

84. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## CLAIM VI:
## UNFAIR COMPETITION UNDER 815 ILCS 505/2

85. Plaintiff hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

86. Section 2 of 815 ILCS 505 states "Unfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."

87. Despite Plaintiff having a valid and enforceable patent, which is embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendant has developed, manufactured, imported, advertised, and/or sold Unauthorized Products at an improperly low price based on tariff misclassifications that result in Defendant failing to pay a ▆▆▆ duty that it would have had to have paid if it had correctly classified the

23

Unauthorized Products for tariff purposes. By pricing its products so much lower than Plaintiff's Products based on fraudulent means, Defendant has deprived Plaintiff of sales and traffic, and further eroded the prices of Plaintiff's Products.

88.     Furthermore, Defendant's infringing activities have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

89.     Defendant's Unauthorized Products and advertising practices have deprived Plaintiff of a significant portion of both the ██████ market share and the ██████ market share.

90.     Defendant is shipping Unauthorized Products to the United States so that orders on Walmart can be fulfilled quickly, within days of ordering. *See* Exhibit 7 (showing shipping estimates for Defendant's products).

91.     Defendant's use of at least one Seller Alias through third-party marketplaces permits obfuscation of its identity while continuing to ship Unauthorized Products into the U.S.

92.     On information and belief, Defendant has offered to sell and knowingly sold Unauthorized Products with the understanding that, as a foreign entity, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

93.     On information and belief, to the extent enforcement efforts are made against Defendant, Defendant will merely ignore the efforts if it is permitted to move any assets out of its marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

94.     Additionally, since Defendant can obfuscate its identity, there is little to no recourse for Plaintiff through other means, such as the International Trade Commission.

24

95.     Defendant has engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud U.S. customers with infringing goods and evade legal and financial responsibilities for its infringement.

96.     Specifically, infringers, like Defendant, have been observed engaging in the following unlawful activities:

    a.  Exploitation of Marketplace Accounts: Infringers systematically divert funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

    b.  Unlawful Storefront Closure: Upon being detected or facing financial scrutiny, infringers promptly close its storefronts to avoid further investigation or legal consequences.

    c.  Reopening Under New Entities: After closing the storefronts, infringers frequently reopen new business entities or storefronts under different names, thereby circumventing legal and financial accountability and continuing its infringing activities.

97.     Collectively, these actions constitute unfair competition as infringers fool consumers into purchasing infringing products, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

98.     Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## CLAIM VII:
## <u>UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW</u>

99.     Plaintiff hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

100.    Despite Plaintiff having a valid and enforceable patent, which is embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendant has developed, manufactured, imported, advertised, and/or sold Unauthorized Products at an improperly low price based on tariff misclassifications that result in Defendant failing to pay a ███ duty that it would have had to have paid if it had correctly classified the Unauthorized Products for tariff purposes. By pricing its products so much lower than Plaintiff's Products based on fraudulent means, Defendant has deprived Plaintiff of sales and traffic, and further eroded the prices of Plaintiff's Products.

101.    Furthermore, Defendant's infringing activities have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

102.    Defendant's Unauthorized Products and advertising practices have deprived Plaintiff of a significant portion of the ███ market share and the ███ market share.

103.    Defendant is shipping Unauthorized Products to the United States so that orders on Walmart can be fulfilled quickly, within days of ordering. *See* Exhibit 7 (showing shipping estimates for Defendant's products).

104.    Defendant's use of at least one Seller Alias through third-party marketplaces permits obfuscation of its identity while continuing to ship Unauthorized Products into the U.S.

105.    On information and belief, Defendant has offered to sell and knowingly sold Unauthorized Products with the understanding that, as a foreign entity, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

106.    On information and belief, to the extent enforcement efforts are made against Defendant, Defendant will merely ignore the efforts if it are permitted to move any assets out of

26

its marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

107.     Additionally, since Defendant can obfuscate its identity, there is little to no recourse for Plaintiff through other means, such as the International Trade Commission.

108.     Defendant has engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud U.S. customers with infringing goods and evade legal and financial responsibilities for its infringement.

109.     Specifically, infringers, like Defendant, have been observed engaging in the following unlawful activities:

d.   Exploitation of Marketplace Accounts: Infringers systematically divert funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

e.   Unlawful Storefront Closure: Upon being detected or facing financial scrutiny, infringers promptly close its storefronts to avoid further investigation or legal consequences.

f.   Reopening Under New Entities: After closing the storefronts, infringers frequently reopen new business entities or storefronts under different names, thereby circumventing legal and financial accountability and continuing its infringing activities.

110.     Collectively, these actions constitute unfair competition as infringers fool consumers into purchasing infringing products, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

#11370810.1

111.    Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.    A preliminary and permanent injunction enjoining, restraining and ordering Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with them:

      a.    To cease making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patents.

      b.    To cease aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patents.

B.    Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Walmart, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe Plaintiff's Patents;

C.    A judgment that Defendant has infringed each of Plaintiff's Patents in violation of 35 U.S.C. § 271;

D.    An award of damages to Plaintiff for Defendant's infringement of Plaintiff's Patents in an amount to be proven at trial, but in no event less than a reasonable royalty, pursuant to 35 U.S.C. § 284, together with interests and costs;

E.    A judgment that Defendant's infringement of Plaintiff's Patents has been willful;

#11370810.1

F.       An award of treble damages under 35 U.S.C. § 284 for Defendant's willful infringement of Plaintiff's Patents;

G.       A declaration that this case is exceptional under 35 U.S.C. § 285;

H.       A finding that Defendant engaged in unfair competition;

I.       An award to Plaintiff of reasonable attorneys' fees and costs; and

J.       Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

#11370810.1

DATED this 20 day of February 2026.

/s/ Sameeul Haque

Sameeul Haque
Haque III Legal Practice, LLC
205 N. Michigan Ave., Ste. 810
Chicago, IL 60601
Tel. 847.401.6113
samee@h3lp.law

Syed M. Abedi (pro hac vice forthcoming)
Emily M. Ross (pro hac vice forthcoming)
Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Tel. 206-622-4900
SyedA@seedip.com
Emily.Ross@seedip.com

*Attorneys for Plaintiff*
*Wacom Co., Ltd.*

30

## <u>VERIFICATION</u>

I, Tatsuya Miyamoto, hereby certify as follows:

1.      I am the Senior Manager of Intellectual Property for Wacom Co., Ltd. As such, I am authorized to make this Verification on Wacom Co., Ltd.'s behalf.

2.      I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3.      I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in [Tokyo], Japan, on  February _16__, 2026.

_____
Tatsuya Miyamoto
Wacom Co., Ltd.